**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| MATTHEW B. MICHAELS, *on behalf of himself and all others similarly situated,* <br><br> Plaintiff, <br><br> v. <br><br> CITY OF MCPHERSON, KANSAS, <br><br> Defendant. | Case No. 12-1372-CM |

## MEMORANDUM AND ORDER

This putative collective action brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), is before the court on plaintiff Matthew B. Michaels's Motion to Amend Complaint (Doc. 26). Plaintiff seeks to add Lark L. Stutts as a representative party plaintiff. Defendant opposes the motion, arguing that amendment is futile. Also pending before the court is plaintiff's Motion for Conditional Certification of Class Claims Under § 216(b) of the FLSA for McPherson Police Officers (Doc. 11). Briefing on the motion for conditional certification has been stayed since January 2013, and the motion is not yet ripe for review.

Rule 15 of the Federal Rules of Civil Procedure governs amendment of pleadings. Where, as here, responsive pleadings have been served, a party may amend only by leave of court, but the court freely grants such leave when justice so requires. Fed. R. Civ. P. 15(a). The decision is entrusted to this court's discretion. *Hall v. Witteman*, No. 07-4128-SAC, 2008 WL 2949567, at *4 (D. Kan. July 30, 2008) (citing *Stewart v. Bd. of Comm'rs for Shawnee Cnty., Kan.*, 216 F.R.D. 662, 664 (D. Kan. 2003)). Generally, the only justifications for refusal of leave to amend are (1) undue delay, (2) undue

-1-

prejudice to the opposing party, (3) bad faith, or (4) futility of amendment. *Id.* A court may deny a proposed amendment on the basis of futility if the "amendment would not withstand a motion to dismiss or otherwise fails to state a claim upon which relief may be granted." *Stewart*, 216 F.R.D. at 664 (citing *Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992); *Schepp v. Fremont Cnty., Wyo.*, 900 F.2d 1448, 1451 (10th Cir. 1990)).

Defendant argues that the court should deny plaintiff's motion to amend because this court no longer has jurisdiction over the action, rendering amendment futile. Specifically, defendant claims that because defendant made an offer of judgment pursuant to Fed. R. Civ. P. 68, offering plaintiff full relief, plaintiff's action is moot. Defendant cites the recent Supreme Court ruling in *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1527 (2013), in support of its position.

In *Genesis*, an employee filed suit against her employer on behalf of herself and "all other persons similarly situated" seeking statutory damages under the FSLA. 133 S. Ct. at 1527. The plaintiff never filed for conditional certification of the putative class and remained the sole plaintiff throughout the proceedings. *Id.* The district court held that because no one joined the suit and defendant's Rule 68 offer fully satisfied plaintiff's individual claim, the defendant's unaccepted Rule 68 offer mooted plaintiff's claim. *Id*. The court dismissed for lack of subject-matter jurisdiction. *Id*.

The Third Circuit reversed. *Id*. After agreeing that there were no other plaintiffs involved in the suit and the defendant's Rule 68 offer fully satisfied the plaintiff's individual claim, the court "nevertheless held that [the plaintiff's] collective action was not moot." *Id*. The court reasoned that attempts to "pick off" named plaintiffs before conditional certification could occur "frustrate the goal of collective actions" and remanded the case. *Id*.

Writing for the majority, Justice Thomas reversed. Both the district court and the Third Circuit found that defendant's Rule 68 offer fully satisfied plaintiff's individual claim and that the claim—the

individual claim—was moot. *Id*. at 1528–29.  In light of these rulings, the Court assumed, without deciding, that plaintiff's individual claim was moot. *Id*. at 1529.  The Court noted that "[w]hile the Courts of Appeals disagree whether an unaccepted offer that fully satisfies a plaintiff's claim is sufficient to render the claim moot, we do not reach this question, or resolve the split, because the question is not properly before us." *Id.* at 1528–29.  The majority then applied a "straightforward application of well-settled mootness principles" and held that "[i]n the absence of any claimant's opting in, respondent's suit became moot when her individual claim became moot . . . ." *Id.* at 1529. Defendant contends that the *Genesis* holding compels a determination here that plaintiff's claim is moot and amendment is futile.

*Genesis* is distinguishable from the instant case.  The Supreme Court did not decide the question of whether an unaccepted offer that fully satisfies a plaintiff's claim moots the claim.  Neither did the Supreme Court decide whether a pending motion for conditional certification changes the analysis.  Both of these differences are critical and convince this court that amendment is not futile.

**It is not clear that defendant's Rule 68 offer fully satisfies plaintiff's complaint.**

In response to plaintiff's motion to amend, defendant argues that the unaccepted Rule 68 offer fully satisfies plaintiff's claim and therefore moots the claim.  Plaintiff responds that the offer is not fully satisfactory because (1) it contained a "no liability" clause and (2) defendant does not specify how the costs were calculated.

Plaintiff fails to cite any case law to support the argument that defendant's inclusion of a "no liability" clause denies him full relief.  Although a Rule 68 offer must be unconditional, a "no liability" clause does not affect the validity of an otherwise valid Rule 68 offer. *See Roska v. Sneddon*, 366 F. App'x 930, 939 (10th Cir. 2010) (discussing the purpose of Rule 68) (citing *Mite v. Falstaff Brewing*

*Corp.*, 106 F.R.D. 434, 435 (N.D. Ill. 1985) (holding that "no admission of liability" condition did not render offer invalid)).

Plaintiff also argues defendant's offer is not fully satisfactory because it is "devoid of any calculations or accounting as to how the amount of the offer was determined." (Doc. 29 at 5.) "[C]ourts agree that a Rule 68 offer moots a case if it affords a plaintiff complete relief; however, they disagree as to what constitutes complete relief." *Hernandez v. Asset Acceptance, LLC*, 279 F.R.D. 594, 596–97 (D. Colo. 2012) (citations omitted). The Tenth Circuit has not addressed this issue. *Id*; *see also Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1243 (10th Cir. 2011) ("While we have yet to address the question squarely, other circuits have concluded that if a defendant makes an offer of judgment in complete satisfaction of a plaintiff's claims *in a non-class action,* the plaintiff's claims are rendered moot because he lacks a remaining interest in the outcome of the case.") (citations omitted) (emphasis in original).

In *Geer v. Challenge Financial Investors Corp.*, the court could not determine whether the defendants' Rule 68 offers fully satisfied the plaintiffs' claims because the defendants did not describe how their offers were calculated. No. 05-1109-JTM, 2006 WL 704933, at *3 (D. Kan. Mar. 14, 2006). The court noted that "[a]lthough defendants do not have to prepare an itemized, detailed accounting, the court requires more than [the] parties' blanket claim of full judgment." *Id.* (citations omitted.) This is because a plaintiff must be able to figure out whether an offer is fully compensatory before the plaintiff can be held accountable for the consequences of refusing an offer. *See Roska*, 366 F. App'x at 940–41 (quoting *Arkla Energy Res. v. Roye Realty & Developing, Inc.*, 9 F.3d 855, 867 (10th Cir. 1993)) ("[T]he offeree must know what is being offered in order to be responsible for refusing the offer."); *see also Sanders v. MPRI, Inc.*, No. CIV-08-345-R, 2008 WL 5572846, at *1 (W.D. Okla. Oct. 16, 2008) (denying defendant's motion to dismiss and stating, "Defendant has not shown that

$10,500, plus reasonable attorney fees and costs, the amount of its offer of judgment, is equal to or in excess of what Plaintiff could recover in overtime wages and liquidated damages under FLSA").

Here, defendant offered plaintiff $4,249.74 to cover back wages, an equal amount as liquidated damages, and reasonable attorney's fees and costs. (Doc. 28 at 5, 7.) But defendant does not state how it determined this amount. Without more information on defendant's calculations, the court cannot evaluate whether the offer fully satisfies plaintiff's claim. Defendant has not shown that its offer of judgment is fully satisfactory.

### While plaintiff's timely-filed motion for conditional certification is pending, a fully satisfactory Rule 68 offer does not moot plaintiff's case.

Even if defendant made a fully compensatory Rule 68 offer, the Tenth Circuit has not addressed whether a plaintiff's rejection of this offer would moot the claim when there is a pending motion for conditional certification. *See Sanders*, 2008 WL 5572846, at *1 ("The Court recognizes that there is a split of authority as to whether a settlement or offer of judgment as to the named Plaintiff which would fully satisfy his or her economic claim moots an FLSA collective action which has not been conditionally certified and/or in which no other person has joined as plaintiff.")

In *Lucero v. Bureau of Collection Recovery, Inc.*, the Tenth Circuit held that "a named plaintiff in a proposed class action for monetary relief may proceed to seek timely class certification where an unaccepted offer of judgment is tendered in satisfaction of the plaintiff's individual claim before the court can reasonably be expected to rule on the class certification motion." 639 F.3d at 1250. Reasoning that any interest a class has in a case exists when the case is filed, the court decided that an offer of judgment should not prematurely moot the case. *See id*. But, importantly, the court also stated that it was not deciding "the impact of a Rule 68 offer of judgment made in a collective, or 'opt-in' action." *Id*. (citations omitted).

Recently, in *Perez v. Pinon Management, Inc.*, the District of Colorado concluded that the Tenth Circuit would likely extend *Lucero* to collective action cases. No. 12-CV-00653-MSK-MEH, 2013 WL 1149567, at *4–6 (D. Colo. Mar. 19, 2013). Reasoning that *Lucero* was concerned with the timely filing of a motion to certify, *Perez* held that a Rule 68 offer should not moot a plaintiff's claims where a plaintiff diligently filed a motion to certify a collective class. *Id.* at *6; *see Roble v. Celestica Corp.*, 627 F. Supp. 2d 1008, 1013–14 (D. Minn. 2007) (discussing how allowing a defendant to moot plaintiff's claims by making a Rule 68 offer days before plaintiff files for certification "would frustrate the FLSA's collective action provision allowing for the aggregation of small claims . . . ."); *see also Velasquez v. Digital Page, Inc.*, 842 F. Supp. 2d 486, 488 (E.D.N.Y. 2012) ("[C]ourts are wary of attempts by defendants to evade FLSA collective actions by making Rule 68 offers of judgment at the earliest possible time.") (internal quotation marks and citation omitted).

Here, plaintiff filed a motion for conditional certification (Doc. 11) in the same month as his complaint and before defendant made its Rule 68 offer. Now, plaintiff seeks to add another named plaintiff. It would frustrate the FLSA's purpose to allow plaintiff to be "picked off" by defendant's offer, especially before the court has ruled on plaintiff's motion for conditional certification and when another plaintiff seeks to join the case. *See, e.g.*, *Perez*, 2013 WL 1149567 *4–6.

For these reasons, the court retains jurisdiction over this case and determines that amendment is not futile. Plaintiff is ordered to file the amended complaint within seven days of this Memorandum and Order. Once the amended complaint is on file, plaintiff may file an amended motion to conditionally certify the class. Once an amended motion to conditionally certify the class is on file, the court will deny the pending motion (Doc. 11) as moot.

**IT IS THEREFORE ORDERED** that plaintiff Matthew B. Michaels's Motion to Amend Complaint (Doc. 26) is granted. Plaintiff is ordered to file the amended complaint within seven days of this Memorandum and Order.

Dated this 29th day of July, 2013, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**